UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH FREMIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2951** |
| **W.S. McCAIN, WARDEN** | **SECTION: "A"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Keith Fremin, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.  On July 12, 2005, he pleaded guilty to two counts of forcible rape and two counts of molestation of a juvenile under Louisiana law.[1]  On November 9, 2006, he was then sentenced on each of the forcible rape convictions to a term of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence and on each of the

---

[1] State Rec., Vol. 1 of 1, transcript of July 12, 2005; State Rec., Vol. 1 of 1, minute entry dated July 12, 2005.

molestation convictions to a term of fifteen years imprisonment. It was ordered that all of those sentences be served concurrently.[2]

On November 10, 2008, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[3] That application was denied on February 25, 2009.[4] The proceedings were later reopened, and petitioner, through counsel, was allowed to file a supplemental application.[5] Relief was then again denied on November 24, 2009.[6] Petitioner's related writ applications were thereafter likewise denied by the Louisiana First Circuit Court of Appeal on March 26, 2010,[7] and by the Louisiana Supreme Court on November 24, 2010.[8]

In 2014, petitioner filed a motion to enforce or set aside the plea bargain.[9] Relief was denied by the state district court on July 24, 2014,[10] by the Louisiana First Circuit Court of Appeal on October 21, 2014,[11] and by the Louisiana Supreme Court on September 25, 2015.[12]

On March 30, 2016, petitioner filed the instant federal application seeking habeas corpus relief.[13] The state has filed a response arguing that the application should be dismissed as untimely.[14] Petitioner has filed a reply to the state's response.[15]

---

[2] State Rec., Vol. 1 of 1, transcript of November 9, 2006; State Rec., Vol. 1 of 1, minute entry dated November 9, 2006.
[3] State Rec., Vol. 1 of 1.
[4] State Rec., Vol. 1 of 1, Order dated February 25, 2009.
[5] State Rec., Vol. 1 of 1.
[6] State Rec., Vol. 1 of 1, Order dated November 24, 2009.
[7] State v. Fremin, No. 2010 KW 0126 (La. App. 1st Cir. Mar. 26, 2010); State Rec., Vol. 1 of 1.
[8] State v. Fremin, 50 So.3d 824 (La. 2010); State Rec., Vol. 1 of 1.
[9] State Rec., Vol. 1 of 1.
[10] State Rec., Vol. 1 of 1, Order dated July 24, 2014.
[11] State v. Fremin, No. 2014 KW 1218 (La. App. 1st Cir. Oct. 21, 2014); State Rec., Vol. 1 of 1.
[12] State ex rel. Fremin v. State, 178 So.3d 160 (La. 2015); State Rec., Vol. 1 of 1.
[13] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on March 30, 2016. Rec. Doc. 1, p. 11.
[14] Rec. Doc. 6.
[15] Rec. Doc. 7.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his Section 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[16] For AEDPA purposes, a state criminal judgment consists of the conviction *and* the sentence, and the criminal judgment is therefore not considered "final" until *both* the conviction *and* the sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).

With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty on July 12, 2005, and he was sentenced on November 9, 2006. Because he did not file a direct appeal within the thirty days allowed by state law, his

---

[16] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

3

state criminal judgment thereafter became final for AEDPA purposes no later than December 11, 2006.[17] Accordingly, his period in which to file his federal application for habeas corpus relief commenced on that date and expired one year later on December 11, 2007, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Therefore, he clearly is not entitled to statutory tolling.[18]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v.

---

[17] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914. Because the thirtieth day here fell on a Saturday, petitioner had until Monday, December 11, 2006, to file an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[18] Although he subsequently filed such applications, applications filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

Contrary by what petitioner seems to suggest, see Rec. Doc. 7, p. 3., § 2244(d)(2) did *not* create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The Supreme Court has clearly described the provision as a tolling statute. Duncan v. Walker, 533 U.S. 167, 175-78 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be *subtracted from* the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, No. 98-6747, 1998 WL 609926 (4th Cir. Aug. 27, 1998); Porter v. Rader, Civ. Action No. 08-3432, 2008 WL 4891172, at *4 (E.D. La. Nov. 3, 2008); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made a colorable showing that he is actually innocent in light of new evidence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than December 11, 2007, in

order to be timely. His federal application was not filed until March 30, 2016, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Keith Fremin be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this ninth day of June, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.